**CLARK ENGINEERING AND CONSTRUCTION COMPANY, INC., Appellant,**

v.

**Neville T. COTTON, Appellee.**

Court of Appeals of Kentucky.

Sept. 13, 1974.

William E. Gary, III, Sandidge, Holbrook, Craig & Hager, Owensboro, for appellant.

Charles C. Shackelford, Shackelford, Burnam & Thompson, Richmond, for appellee.

THOMAS A. BALLANTINE, Jr., Special Commissioner.

Clark Engineering and Construction Company, hereinafter "Clark", appeals from a judgment awarding Neville Cotton $19,325.10.

The action stems from a contract to perform construction work at Eastern Kentucky University upon which Clark was the successful bidder.

Prior to submitting a bid, S. J. Clark, president of appellant, contacted Cotton to solicit a bid on a portion of the principal contract. After some discussion, Cotton submitted a proposal of about $77,000. Thereafter, Clark learned that his company was the successful bidder and he conveyed this information to Cotton. Cotton, without any formal contract with Clark, began to excavate. Three days after Cotton began work, Clark was formally awarded the contract for the entire project.

Keelin, who was Clark's job superintendent, agreed that about six weeks after Cotton commenced work, 45% of this work was completed. This was approved by the architect's inspector and Cotton was paid almost $31,000.00. This payment was made July 17, 1968, and was for work completed on June 20, 1968.

As of July 20, 1968, the architect's inspector approved an estimate that the work was 65% completed.

During the period between May 13, 1968 (the date Clark was awarded the contract), and July 20, 1968, Mr. Clark and Cotton apparently engaged in a running feud over Cotton's refusal to sign a written contract. The proposed contract was rejected by Cotton for the reason that he felt it did not set out the terms as he understood them to be.

Thereafter, according to Cotton, Clark's agents continued their efforts to get a written contract. In September, according to Cotton, he agreed that if Clark would pay him 65% of the contract price, less the $31,000 previously paid, he, Cotton, would complete the work on an hourly basis, payable daily. Cotton testified that Clark agreed to this and work was resumed for four days.

At the end of the four days, Clark tendered Cotton a check for about $6,400 which was to be in full payment of the balance due on the 65%. Cotton rejected this offer and left the job. He testified that he was later paid for the four days.

S. J. Clark, president of Clark, testified that Cotton submitted a bid for the portion of the work involved in the controversy. The amount of the bid was about $77,000.-00. He further testified that Clark mailed three copies of the contract drawn pursu-

ant to the bid to Cotton. There was a vigorous objection by counsel for Cotton to this testimony. We believe that it is immaterial whether the testimony was competent, since it is undisputed that no contract was ever signed by Cotton.

S. J. Clark testified that the September agreement was to pay Cotton what Clark had been paid by the state on various sections of Cotton's bid.

Clark contends that the payments it made and tendered to Cotton were based upon partial payments made to it by the state as that contract was performed. Clark insists that it paid Cotton for various parts of his contract that he had completed.

Cotton, on the other hand, contends that the payments were for a percentage of the total work done.

The trial court found that the September agreement referred to above amounted to a novation by which Clark agreed to settle its current liability to Cotton by the net payment of about $19,000.00 and further agreed to pay Cotton on a daily basis thereafter.

■ Clark contends that Cotton had no justification for quitting the job. We disagree. The trier of fact has accepted Cotton's version of the transactions between him and Clark and we are not disposed to disturb this finding.

■ Clark next contends that since Cotton did not plead or prove novation, the trial court erred in finding a novation to have occurred. The complaint and the reply to the counterclaim do not expressly or by unequivocal implication plead novation. We adhere to this requirement of pleading; however, we hold that while there may have been no pleading of novation, the trial court reached the correct result in finding an oral contract between Clark and Cotton. The issue, then, is whether Clark was guilty of a breach of the contract and if so, whether Cotton was justified in abandoning the project. Cotton testified, and the trial court found, that he could not continue without payment. The record supports the trial court and we are not disposed to disturb his findings.

It appears abundantly clear from the record in this case that Clark withheld payment from Cotton in an attempt to pressure him into signing a formal contract. Cotton refused, whether rightly or wrongly, but continued to perform under the oral agreement, until forced by economic pressure to abandon the job. We find that the findings of fact of the trial court are supported by the record and the conclusions of law and judgment conform to the findings of fact.

The judgment is affirmed.

All concur.